**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOSE ALBERTO RODRIGUEZ-VAZQUEZ** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:09CV709-LG** |
| | § | **CRIMINAL NO. 1:07CR97-LG-RHW** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## ORDER VACATING AND CORRECTING SENTENCE

**BEFORE THE COURT** is the Agreed Petition Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [15]. The parties agree that Jose Alberto Rodriguez-Vazquez was incorrectly sentenced to a felony. They ask that his sentence be vacated and corrected to reflect that he was convicted of a misdemeanor and to impose only a one year term of supervised release and a special assessment of $25.00. They do not challenge his term of imprisonment.

## FACTS AND PROCEDURAL HISTORY

Rodriguez-Vazquez pled guilty to fraud with identification documents in violation of 18 U.S.C. § 1028(a)(6). On February 8, 2008, he was sentenced to a jail term of time served (six months), followed by three years of supervised release, and a $100 special assessment, due immediately. One year and eight months later, he filed the instant Agreed Petition, in which the Government agrees to waive the statute of limitations.

## DISCUSSION

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose

the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (*United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Therefore, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

The crime to which Rodriguez-Vazquez pled guilty was fraud and related activity in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(6). Specifically, he was charged with possessing a fake copy of another's Social Security card. This statute provides in pertinent part:

> Whoever, in a circumstance described in subsection (c) of this section–knowingly possesses an identification document . . . that is or appears to be an identification document . . . of the United States . . . which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced without such authority . . . shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 1028(a)(6). Subsection c provides that one such circumstance is that "the identification document . . . or false identification document is or appears to be issued by or under the authority of the United States." 18 U.S.C. § 1028(c)(1). Subsection b provides that the punishment is "a fine under this title or imprisonment for not more than one year, or both." 18 U.S.C. § 1028(b)(6). Additionally, the court "may include as a part of the sentence a requirement that the defendant is to be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). As a crime that is punishable by not more than one year of imprisonment but more

than six months, this crime is a Class A misdemeanor. 18 U.S.C. § 3559(a)(6). For a misdemeanor the court may not impose a term of supervised release that exceeds one year. 18 U.S.C. § 3583(b)(3). Finally, "[t]he court shall assess on any [individual] person convicted . . . the amount of $25 in the case of a class A misdemeanor." 18 U.S.C. 3013 (a)(1)(A)(iii).

Accordingly, Rodriguez-Vazquez was sentenced to a longer term of supervised release and a higher special assessment than allowed by law. Therefore, the agreed motion to vacate and correct sentence should be granted. The sentence entered by this Court on February 8, 2008, is hereby vacated. The defendant is hereby sentenced, effective February 8, 2008, to a term of imprisonment of time served, followed by one year of supervised release, and a special assessment of $25. Defendant shall be entitled to an immediate refund of any special assessment he may have already paid in excess of $25, and he is immediately released from supervised release. Further, the judgment is hereby corrected to reflect that he was sentenced to a Class A misdemeanor.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Agreed Petition Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [15] should be and is hereby **GRANTED**. A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2010.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE